Filed in Open Court
6/12/08 NMF

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-20-SLR |
| | ) | |
| JOHNTEL CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Johntel Clark, by and through his attorney, Lawrence A. Narcisi, III, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts One through Ten of the Felony Information filed in this case. Each count of the Felony Information charges the defendant with bank robbery, in violation of Title 18, United States Code, Section 2113(a). At sentencing, the United States will move to dismiss the Indictment in this case.

2. The defendant waives his right to be indicted by a grand jury and his right to be charged and tried in the district in which the crimes charged in Counts Three through Ten of the Felony Information were committed.

3.    The defendant understands that the maximum penalties for each count of the Felony Information are 20 years imprisonment, a $250,000 fine, five years of supervised release, and a $100 special assessment.

4.    The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is: (1) the defendant, by intimidation, took money from a bank or credit union employee, (2) the money was in the custody, control and possession of a bank or credit union, and (3) in the case of a bank, the accounts of the bank were insured by the Federal Deposit Insurance Corporation, or, in the case of a credit union, the accounts of the credit union were insured by the National Credit Union Administration Board.

5.    The defendant understands that the District Court Judge must consider the United States Sentencing Guidelines and the factors set forth in Title 18 United States Code, Section 3553(a) in determining an appropriate sentence.

6.    Provided that the United States does not learn of conduct inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1.

7.    The defendant understands that he should expect that the government will recommend that the District Court Judge impose a sentence within the sentencing guideline range.

8.    The defendant understands that the ultimate determination of an appropriate sentence will be up to the District Court Judge. The Court may impose a sentence which exceeds, falls below, or

is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9. The defendant agrees to pay the special assessment of $1,000 at the time of sentencing.

10. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

12. The defendant agrees to forfeit all interests in the property, including firearms, seized by the Delaware State Police in connection with the investigation which led to this prosecution.

13. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

14. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and/or property facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture.

15. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Lawrence A. Narcisi, III, Esquire
Attorney for Defendant

_____
Colm F. Connolly
United States Attorney

_____
Johntel Clark
Defendant

Dated: 5-6-08

AND NOW, this 6th day of June, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE